UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DeMarcus T. Young, #753683,  )
    Petitioner,  )
      )   No. 2:19-cv-50
-v-  )
      )   Honorable Paul L. Maloney
John Hall, et al.,  )
    Respondents.  )
      )

### ORDER

This is a civil rights action brought by state prisoner DeMarcus Young under 42 U.S.C. § 1983. The matter is now before the Court on Young's objection to a Report and Recommendation ("R&R") issued by Magistrate Judge Maarten Vermaat (R&R ECF No. 63; Objection ECF No. 64). For the reasons to be stated, the Court will overrule the objection and adopt the R&R as the opinion of the Court.

### Legal Framework

With respect to a dispositive issue, a magistrate judge issues a report and recommendation, rather than an order. After being served with an R&R issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding that the district court need not provide de novo review where the objections are frivolous, conclusive,

or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

## Analysis

Young brings five objections, which the Court will address in the order presented. First, he objects to the R&R's application of *Napier v. Madison County, Kentucky*, 238 F.3d 739 (6th Cir. 2001). Young argues that *Napier* does not apply to medical claims when a prisoner shows a need for medical care so obvious that laypeople would readily discern the situation as requiring prompt medical attention by health care providers—such as his medical condition (shoes that were too tight). The Sixth Circuit has stated that in cases of a minor or nonobvious affliction, *Napier* does apply, but it requires medical records showing that a delay in treatment caused a serious medical injury. *Blackmore v. Kalamazoo County*, 390 F.3d 890, 898 (6th Cir. 2004). The R&R correctly concluded that Young's too-tight shoes are not an obvious medical malady requiring immediate medical attention, and Young has not provided medical records showing that the delay in receiving correctly fitted shoes caused a serious medical injury. The R&R correctly applied *Napier*, so this objection will be overruled.

Second, Young argues that Magistrate Judge Vermaat improperly construed his claim against Defendant Hall as an Eighth Amendment claim regarding delay of treatment, when Young intended his claim against Defendant Hall to be a First Amendment retaliation claim. Magistrate Judge Vermaat considered Young's retaliation claim against Defendant Hall (*see* R&R at PageID.473-5). Therefore, the Court finds no error in the R&R. This objection will be overruled.

Third, Young argues that the R&R failed to adequately address his allegation that Defendant Wilson refused to hear and address his medical complaints. As noted above, Young's too-tight shoes were not a serious or obvious medical malady requiring immediate medical attention. Thus, even if Defendant Wilson had ignored Young's requests, that would be insufficient to sustain an Eighth Amendment claim against her. But on the Court's review of the record, there is no evidence that Defendant Wilson ignored any of Young's requests. Indeed, Defendant Wilson treated Young multiple times in the relevant timeframe, and at those appointments, his only complaint was a rash (*see* ECF No. 51 at PageID.335-341). She did not ignore any complaints about his shoes. The Court finds no error in the R&R, so this objection is overruled.

Fourth, Young argues that Defendant Wilson did deny his request for accommodations, and that denial constituted deliberate indifference to a serious medical need. Again, Young's shoes were not a gravely serious medical need; further, the record reflects that Defendant Wilson referred Young to the grievance process when he sought to discuss "other issues and grievances[.]" (*Id.* at PageID.338.) It is not clear that this was a request to discuss his shoes, but if it was, Defendant Wilson did not ignore Young's requests

3

for help; instead, she directed Young to the proper venue for his requests. The Court finds no error in the R&R here, and this objection is overruled.

Fifth and finally, Young argues that Magistrate Judge Vermaat improperly judged his credibility against Defendant Halls' credibility. The parties have conflicting accounts of what occurred on August 17, 2018. Young alleges that on that date, Defendant Hall called Young out to force him to sign off on a grievance and when he would not sign off, Defendant Hall withheld the shoes. Defendant Hall alleges that on that date, he called Young out to measure his feet for new shoes. Young's objection is not supported by the record. There is simply no evidence that supports his position: The documentary evidence shows definitively that Defendant Hall ordered the shoes on August 17, 2018, which supports his position that the conversation that day was to measure Young's feet (*see* ECF No. 53-3 at PageID.392). The only evidence supporting Young's position is his own barefaced allegation contrary to the documented record, which is insufficient to survive summary judgment. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986). Accordingly, there is no error in the R&R here, and this objection is also overruled.

## Conclusion

The Court finds no error in the R&R. Young's objection will be overruled and the R&R will be adopted as the opinion of the Court. Accordingly,

**IT IS ORDERED** that the December 9, 2020 R&R (ECF No. 63) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objection (ECF No. 64) is **OVERRULED**.

4

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (ECF Nos. 49, 52) are **GRANTED.**

Judgment to follow.

**IT IS SO ORDERED.**

**Date:** February 11, 2021     /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge